UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN FROSCHAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-cv-01215-JMS-DKL |
| ) | |
| PENELOPE WADLEIGH, N.P., *et al.* ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Brian Froschauer, an inmate of the New Castle Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his right to adequate mental health care has been violated. Arguing that Froschauer failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), the defendants move for summary judgment and Froschauer has responded.[1] For the following reasons, the defendants' motion for summary judgment [dkt 86] is **granted**.

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which

---

[1] The motion for joinder to Defendant Wadleigh's motion for summary judgment [dkt 112] is **granted**. Froschauer's motion to object [dkt 117] and motion to stop further proceedings [dkt 119] are each **denied**. While Froschauer argues that Defendants Kane, Loveridge, and Thornton should have responded sooner to the complaint, service was not fully effected upon them and they are therefore not in default. Because their request for summary judgment is based on the same facts and law as Wadleigh's motion for summary judgment, they are granted leave to join in Wadleigh's motion.

"demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## II. Undisputed Facts

Froschauer alleges that, while he was incarcerated at the New Castle Correctional Facility, the defendants violated his constitutional rights by failing to provide him with mental health treatment and medications, specifically anti-psychotic medications. He alleges that the failure to provide mental health treatment and medications was deliberately indifferent to his mental health needs.

The Indiana Department of Correction ("IDOC") has developed Policy and Procedure 00-02-301, Offender Grievance Process, which is intended to permit inmates to "resolve concerns and complaints relating to their conditions of confinement" prior to filing suit in court. Issues or complaints regarding staff and conditions of confinement that affect the inmate personally are matters that can be grieved through the Grievance Process. This includes, among other things, complaints regarding medical or mental healthcare. The Grievance Process consists of three steps, including an attempt to resolve the complaint or concern informally, the filing of a formal grievance, and an appeal of the response to the formal grievance to the Executive Assistant.

Exhaustion of the Grievance Process requires pursuing a grievance to the appeal step. Exhaustion of the Grievance Process also requires the inmate to comply with the timing requirements for submitted Formal Grievances and appeals.

Froschauer has been confined at New Castle from July 16, 2013, to the present. Froschauer submitted a number of informal grievances regarding his health care, but IDOC records contain no record that Froschauer filed any formal grievances between August 1, 2013 and the present date related to any denial of mental health treatment or medications, specifically anti-psychotic medications.

### III. Discussion

The defendants argue that because he did not file any grievances, Froschauer has failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims. Froschauer responds that he did exhaust his administrative remedies.[2] He submits a number of informal grievances and formal grievances to purportedly support this argument. He also argues that the Grievance Process is inapplicable to his claims and that Jennifer Smith, the Grievance Coordinator who submitted testimony in support of the motion for summary judgment, is biased against him.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing

---

[2] Froschauer filed number of documents apparently in response to the motion for summary judgment on April 28, 2016. His response to the motion for summary judgment was filed on April 29, 2016. Further, he filed a response to the Answer, in which Wadleigh raised the affirmative defense that Froschauer failed to exhaust his available administrative remedies (dkt 82). Each of these filings has been considered in ruling on the motion for summary judgment.

some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

The defendants have shown that there is no record that Froschauer filed formal grievances or grievance appeals related to his claims that he received inadequate mental health treatment. Froschauer's responses to the motion for summary judgment do not rebut this conclusion. First, the informal grievances he submits appear to be related to the provision of his seizure medication or his requests for outside recreation time and a cell with a window. They do not appear to be related to medical care and medication he has received for his mental health issues, which form the basis on his claims in this case. Further, Froschauer provides no evidence that he pursued his complaints in these informal grievances through to the final appeal. His formal grievances are dated October 5, 2015, October 18, 2013, and September 29, 2013. The October 5, 2015, grievance appears to be related to his seizure medication, while the other two do appear to be related to mental health complaints, generally. Even if Froschauer properly filed those two formal grievances, however, he has not provided any evidence to show that he filed an appeal to those grievances, as required by the Grievance Process. His conclusory statements that he "did exhaust

all administrative remedies" (dkt 82) are insufficient to demonstrate a genuine issue of material fact. *See Albiero v. City of Kankakee,* 246 F.3d 927, 933-34 (7th Cir. 2001) (noting that conclusory statements are insufficient to survive summary judgment). Froschauer has not shown that he properly filed the formal grievances he submits or that he filed a formal appeal to any of his grievances. Froschauer therefore has failed to show that he exhausted his available administrative remedies with respect to any of his claims. *Woodford,* 548 U.S. at 90-91; *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004).

Next, Froschauer argues that the Grievance Process is inapplicable to his claims because his claims are based on the Eighth and Fourteenth Amendments (dkt 82) and because his claims are against GEO, which is privately owned (dkt 98). But there are no such limitations in the PLRA. Instead, the PLRA requires exhaustion of administrative remedies before any lawsuit regarding any prison condition. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Further the Grievance Process provides that inmates should use the process to grieve medical or mental health matters. The Grievance Process therefore applies to Froschauer's claims and he should have completed it before filing this lawsuit.

Froschauer also argues that Jennifer Smith is biased and submitted her affidavit in bad faith. But Froschauer has provided no evidence to support this assertion. His conclusory statements regarding alleged bias are insufficient to rebut the evidence that he failed to exhaust his available administrative remedies. *See Johnson v. Cambridge Indus.,* 325 F.3d 892, 901 (7th Cir. 2003) (reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment).

In short, the defendants have shown that Froschauer has failed to exhaust his available administrative remedies with regard to his claims he has failed to rebut this showing. Accordingly, the defendants are entitled to summary judgment on Froschauer's claims.

### IV. Conclusion

For the foregoing reasons, Defendant Wadleigh's motion for summary judgment [dkt 86] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: November 14, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian Froschauer
218911
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

All electronically registered counsel